**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

SARAH TOWNSEND, Individually
and on Behalf of All Others Similarly
Situated,

                          Plaintiff,

        v.

HAZA FOODS, LLC; HAZA FOODS
OF NORTHEAST, LLC; HAZA FOODS
OF MINNESOTA, LLC, and DOES 1 to 25,

                     Defendants.

_____

DECISION AND ORDER

24-CV-6180-EAW-MJP

**Pedersen, M.J.** Presently pending before the Court is Plaintiff's application for attorneys' fees (ECF No. 62) in connection with my decision and order on Plaintiff's motion to compel (ECF Nos. 53 and 58). For the reasons provided below, I award Plaintiff $2,025 in attorneys' fees.

## BACKGROUND

The Court assumes familiarity with its earlier decision and order determining that an award of attorneys' fees is appropriate in connection with Plaintiff's partial success on her motion to compel. (Decision and Order, Oct. 23, 2025, ECF No. 58.) In that decision and order the Court directed Plaintiff to file an affidavit detailing the reasonable expenses incurred in making the motion along with contemporaneous time records. (_Id._ at 12.) On November 6, 2025, Plaintiff's counsel filed his declaration in support of attorneys' fees seeking fees at a rate of $450 per hour for an associate and $950 per hour for a partner for 21.5 hours totaling $10,925.00 in fees. (ECF No.

1

62). Defendants filed their opposition to Plaintiff's application on November 13, 2025 (ECF No. 63).

## LEGAL STANDARD

The Second Circuit uses the lodestar method as the starting point to determine if a fee is reasonable. *Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) ("While the lodestar is not always conclusive, its presumptive reasonability means that, absent extraordinary circumstances, failing to calculate it as a starting point is legal error."). It is the starting point because "the Supreme Court's directive that fee award calculations be 'objective and reviewable,' implies [that] the district court should at least provide the number of hours and hourly rate it used to produce the lodestar figure." *Id.* at 166–67 (alteration added) (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 555 (2010)).

Courts calculate the lodestar or presumptively reasonable fee by "multiply[ing] 'the number of hours reasonably expended' by a 'reasonable hourly rate.'" *Schneider on behalf of A.T. v. City of Buffalo*, No. 18-CV-1431V(SR), 2021 WL 5042502, at *3 (W.D.N.Y. Oct. 29, 2021) (*alteration added*) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Once calculated, there is a strong presumption that the lodestar figure is reasonable, but the Court may consider additional factors. *McPhaul v. Insight Mgmt. Partners*, No. 1:19-CV-1392, 2022 WL 542534, at *2 (W.D.N.Y. Feb. 23, 2022) ("Generally, the 'lodestar' creates a presumptively reasonable fee, guided by the *Arbor Hill* factors.[1]"). Courts may consider the *Arbor Hill* factors to determine

---

[1] Found at *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 184 (2d Cir. 2008), the *Arbor Hill* factors are as follows:

if the lodestar method has produced a reasonable fee. *See McPhaul*, 2022 WL 542534, at *3 ("The court may then adjust the lodestar amount, factoring in the *Arbor Hill* considerations."). Finally, given "the district court's familiarity with the quality of representation and the extent of the litigation, the decision whether to award fees and the amount of fees awarded are issues generally confined to the sound discretion of the court." *Cush-Crawford v. Adchem Corp.*, 94 F. Supp. 2d 294, 301 (E.D.N.Y. 2000), *aff'd* 271 F.3d 352 (2d Cir. 2001) (citing *Gierlinger v. Gleason*, 160 F.3d 858, 876 (2d Cir. 1998)).

## DISCUSSION

### *Scope of Magistrate Judge's Authority*

A magistrate judge may hear and issue a decision on pretrial matters "not dispositive of a party's claim or defense" subject to district judge review on a "clearly erroneous" or "contrary to law" standard. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "Matters concerning discovery generally are considered 'nondispositive' of the litigation." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). More specifically, as relevant here, decisions on motions to compel and related requests for attorney's fees are nondispositive. *Averbach v. Cairo*

---

the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted *pro bono* (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

*Amman Bank*, No. 1:19-CV-4-GHW-KHP, 2025 WL 1725148, at \*3 (S.D.N.Y. June 18, 2025) ("A magistrate judge's ruling on a motion to compel discovery is nondispositive." (quoting *United States ex rel. Integra Med Analytics LLC v. Laufer*, No. 17-cv-9424 (CS) (JCM), 2023 WL 4200865, at \*1 (S.D.N.Y. June 27, 2023))); *Xerox Corp. v. Conduit Glob., Inc.*, No. 6:21-CV-06467 EAW, 2025 WL 586244, at \*1 (W.D.N.Y. Feb. 24, 2025) (stating that magistrate judge's decision on motions for attorney's fees in connection with motions to compel and for protective order was nondispositive).

### *The Court's previous decision and order permitted Plaintiff to seek attorneys' fees.*

The Court's earlier decision and order (ECF No. 58) permitted Plaintiff to submit an application for fees under Federal Rule of Civil Procedure 37(a)(5)(C). When the court grants in part and denies in part a motion to compel pursuant to Federal Rule of Civil Procedure 37 the court "may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

### *The Court will not award Plaintiff's attorneys their proposed out-of-district hourly rates.*

The Court's first task is determining the reasonable hourly rate. *Lilly v. City of New York*, 934 F.3d 222, 230 (2d Cir. 2019). "The reasonable hourly rate is the rate a [ ] client would be willing to pay." *Arbor Hill*, 522 F.3d at 190. When calculating the reasonable hourly rate, the Court assumes that the parties "wish[ ] to spend the minimum necessary to litigate the case effectively." *Bergerson v. New York State Off. of Mental Health, Cent. New York Psychiatric Ctr.*, 652 F.3d 277, 289 (2d Cir. 2011) (quoting *Arbor Hill*, 493 F.3d at 112, 118).

Under the forum rule, "courts should generally use 'the hourly rates employed in the district in which the reviewing court sits.'" *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (quoting *Arbor Hill*, 493 F.3d at 119). "[D]eviation from the forum rule is only appropriate 'in the unusual case,' in which a litigant demonstrates that her selection of counsel was 'reasonable under the circumstances[.]'" *Id.* at 175 (quoting *Arbor Hill*, 493 F.3d at 119). Thus, "when faced with a request for an award of higher out-of-district rates, a district court must first apply a presumption in favor of application of the forum rule." *Kyros L. P.C. v. World Wrestling Ent., Inc.*, 78 F.4th 532, 547 (2d Cir. 2023) (quoting *Simmons*, 575 F.3d at 175), *cert. denied*, —— U.S. ——, 144 S. Ct. 822, 218 L.Ed.2d 31 (2024).

"[T]o overcome that presumption, a litigant must persuasively establish that a reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result." *Id.* (quoting *Simmons*, 575 F.3d at 175). Overcoming this presumption accordingly requires "a particularized showing . . . of the likelihood that use of in-district counsel would produce a substantially inferior result." *Id.* (quoting *Simmons*, 575 F.3d at 176).

While Plaintiff's counsel indicates that he utilized reduced rates of $450 per hour for associate billing and $950 per hour for partner billing, Plaintiff has not even attempted to show that retaining in-district counsel would have produced a substantially inferior result. *Legends Are Forever, Inc. v. Nike, Inc.*, No. 3:12-CV-1495 LEK/DEP, 2013 WL 6086461, at *3 (N.D.N.Y. Nov. 18, 2013) (rejecting proposed out-of-district rate where the prevailing party had "not set forth any argument that it selected Boston- and Rochester-based law firms because there existed a 'likelihood

that use of in-district counsel would produce a substantially inferior result'" (quoting *Simmons*, 575 F.3d at 176)). Accordingly, the forum rule applies here. *Osterweil v. Bartlett*, 92 F. Supp. 3d 14, 27 (N.D.N.Y. 2015) (applying forum rule where the plaintiff failed to show "that attorneys within [the] district [were] not competent to handle" the litigation because the plaintiff "appears to have assumed that local counsel could not have achieved a successful result in this action without inquiring into the competence and expertise of attorneys within this district" (alterations added)).

Defendants argue that the hourly rates sought by Plaintiff's counsel are (1) significantly higher than rates requested by and awarded to Plaintiff's counsel in other recent matters and (2) that the hourly rates in the Western District are significantly less than what Plaintiff's attorneys are requesting. (Defs.' Mem. of Law at 4–5, ECF No. 63.)

The Court agrees with Defendants that the hourly rates sought by Plaintiff's attorneys are excessive for this District. See *Ortiz v. Stambach*, 657 F. Supp. 3d 243, 268 (W.D.N.Y. 2023) (finding that the "prevailing hourly rate for an experienced attorney in a civil rights matter is typically no more than $300 per hour, while less experienced attorneys typically have rates of no more $200 per hour"). Recent decisions of this District have awarded $350 per hour to experienced civil rights litigators. *Ryan v. Town of Tonawanda*, No. 23-CV-351-LJV( ), 2025 WL 997362, at *2 (W.D.N.Y. Apr. 1, 2025) ("Accordingly, while allowing for some inflation effect and taking into account Plaintiff's counsel's extensive litigation experience, the court finds a reasonable hourly rate for counsel's time to be $350 per hour."); *Wright v.*

*Rochester Sportfishing, Inc.*, No. 6:24-CV-06240 CJS CDH, 2025 WL 3703602, at *7 (W.D.N.Y. Dec. 22, 2025) (finding that a $350 hourly rate was appropriate for a "Senior Litigation Counsel for . . . a boutique firm specializing in the enforcement and protection of intellectual property rights" with "over a decade [of experience] as a practicing attorney" and specific "expertise . . . in the field of copyright litigation.").

Based on the foregoing, the Court finds that hourly rates of $200 for associate time and $350 for partner time are appropriate hourly rates to utilize for the lodestar calculation.[2]

### *The requested number of hours is excessive*

Plaintiff seeks attorneys' fees for 21.5 hours, having reduced the total amount of fees sought by removing time associated with paralegal and assistant work. (Appleby Dec. ¶¶ 4–5, ECF No. 62.) Defendants first contend that Plaintiff failed to provide contemporaneous time records despite the Court ordering her to do so and that, therefore, the Court should deny Plaintiff's fee request. (Defs.' Mem. of Law at 6, ECF No. 63.) Defendants also assert that 21.5 hours was excessive considering the "simplicity of the issues involved in the motion." (*Id.*) Finally, Defendants contend that Plaintiff's request should be reduced by "at least 75% due to the limited degree of success and the unnecessary cost and expense that Defendants incurred in responding to the denied portions of the motion." (*Id.* at 7.)

---

[2] The Court is aware of the decision in *Howard v. City of Rochester*, 780 F. Supp. 3d (W.D.N.Y. 2025) in which it awarded Plaintiff's counsel an in-district rate of $475 per hour. *Id.* at 433. However, that case is distinguishable from the present. In that case, the party against whom fees were sought did not oppose an hourly rate of $475 per hour, whereas here Defendants have contested the rates requested by Plaintiff's counsel and have provided legal support for the hourly rates the Court has ultimately decided to utilize.

With respect to Defendants' argument that the Court should deny the fee application because Plaintiff did not provide contemporaneous time records, although Plaintiff's counsel did not submit backup documents, he did provide a fully detailed itemization of the dates that work was performed, a description of the work done, and the time expended. This is adequate. *S J Berwin & Co. v. Evergreen Ent. Grp., Inc.*, No. 92 CIV. 6209 (WK), 1994 WL 501753, at *2 (S.D.N.Y. Sept. 14, 1994) (citing *Henry v. Gill Industries, Inc.,* 983 F.2d 943, 946 (9th Cir. 1993)).

The Court next turns to Defendants' argument that the 21.5 hours Plaintiff's counsel seeks is excessive. To determine the reasonable number of hours for purposes of a fee request, "the court must examine the hours expended by counsel and the value of the work product of the particular expenditures to the client's case." *Kmonicek v. ASAP Restoration Inc.*, No. 24-CV-5226 (EK)(SIL), 2025 WL 1384709, at *7 (E.D.N.Y. Apr. 3, 2025) (quoting *Tlacoapa v. Carregal*, 386 F. Supp. 2d 362, 371 (S.D.N.Y. 2005)), *report and recommendation adopted*, No. 24-CV-5226 (EK)(SIL), 2025 WL 1384248 (E.D.N.Y. May 12, 2025). "The relevant issue . . . is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Id*. (alteration in original) (quoting *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)).

Further, the plain text of Rule 37(a)(5)(C) provides that "[i]f the motion is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses *for the motion*." Fed. R. Civ. P. 37(a)(5)(C) (emphasis added). In other words, Plaintiff is not entitled to attorneys' fees for time spent prior to receiving the motion papers. *S J Berwin & Co.* 1994 WL

501753, at *2 (finding that time spent preparing discovery responses prior to filing a motion to compel was not compensable and only awarding fees for work done once counsel received the motion papers); *S.E.C. v. Yorkville Advisors, LLC*, No. 12 Civ. 7728(GBD)(HBP), 2015 WL 855796, at *11–12 (S.D.N.Y Feb. 27, 2015) (finding that no fees should be awarded under Fed. R. Civ. P. 37(a)(5)(C) for time spent reviewing privilege logs that were the subject of a motion compel, drafting correspondence challenging the privilege logs, or participating in a discovery conference as they were not expenses incurred for the motion to compel.); *Skanga Energy & Marine Ltd. v. Arevenca S.A.*, No. 11 CIV. 4296 DLC DF, 2014 WL 2624762, at *6 (S.D.N.Y. May 19, 2014) (finding that the defendant was "not entitled to recover fees for time expended by counsel on the day before the plaintiff filed its Protective Order Motion, even if that time was spent conferring or doing research in anticipation of a potential motion.").

Here, Plaintiff seeks to recover fees for

- Meeting and conferring with opposing counsel regarding the lack of discovery responses;

- Drafting a letter to Judge Pedersen regarding lack of discovery responses;

- Reviewing Defendants' discovery responses;

- Preparing for and attending a discovery conference;

- Reviewing Defendants' supplemental discovery responses;

- Researching and drafting a discovery letter to Defendants in light of deficient supplemental discovery responses;

- Correspondence with opposing counsel regarding the motion to compel;

- Reviewing Defendants' second supplemental discovery responses; and

- Reviewing and editing a discovery letter to Defendants.

(Appleby Dec. ¶¶ 6 & 7.) The Court will not award attorneys' fees for this time as it was not incurred in making the motion. However, Mr. Appleby's 6.3 hours spent researching and drafting Plaintiff's motion to compel and 2.8 hours reviewing Defendants' opposition to the motion and drafting a reply brief were incurred in making the motion. (*Id.* ¶ 6.) Likewise, Mr. Sweet's 2 hours spent reviewing and editing Plaintiff's motion to compel and reviewing and editing Plaintiff's reply brief were incurred in connection with the motion. (*Id.* ¶ 7.) In total, Plaintiff's counsel spent 11.1 hours making and supporting the motion to compel.

The Court agrees with Defendants that the Court should reduce the number of hours Plaintiff seeks as she was not successful on several of the issues raised in the motion. However, the Court finds that Defendants' request to reduce the fee award by 75% is too drastic. The Court will reduce the recoverable amount of hours to 9 to account for those parts of the motion on which Plaintiff was not successful and that Defendants spent time opposing, apportioned as 7.5 attributable to Mr. Appleby and 1.5 attributable to Mr. Sweet.

Accordingly, because the Court finds that hourly rates of $200 for associate time and $350 for partner time and the 9 hours spent on the making and supporting the motion to compel to be reasonable, and after considering the *Arbor Hill* factors, the Court awards Plaintiff $2,025 in attorneys' fees for litigating the successful portions of her motion to compel.

10

## CONCLUSION

For the reasons stated above, the Court awards Plaintiff $2,025 in attorneys' fees pursuant to her request (ECF No. 62) in connection with Plaintiff's motion to compel (ECF No. 53) and my decision and order regarding the same (ECF No. 58).

**SO ORDERED**.

DATED:     March 24, 2026
           Rochester, New York

                                        _____
                                        MARK W. PEDERSEN
                                        United States Magistrate Judge